**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AL AND PO CORPORATION, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Case No. 14-CV-1225 |
| Plaintiff, | ) ) | |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| CLEANIS, INC. a New York corporation, CLEANIS S.A.S., a France corporation, and CLEANIS K.K., a Japan corporation. | ) ) ) ) | |
| Defendants. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff AL And PO Corporation ("Plaintiff") brings this class action Complaint against Defendants Cleanis, Inc. ("Cleanis New York"), Cleanis, S.A.S. ("Cleanis Paris"), and Cleanis, K.K. ("Cleanis Tokyo") (collectively "Defendants"), on behalf of itself and all others similarly situated, and complains and alleges upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### I.      NATURE OF THE ACTION

1.      Cleanis Paris offers personal hygiene products, including absorbent pads and bags as alternatives to bed-pans. Cleanis Paris has two branches: Cleanis New York in New York, United States and Cleanis Tokyo in Tokyo, Japan. In an effort to market their products and services, Defendants sent unsolicited junk faxes in bulk—"fax blasts"—to unwilling recipients with deficient opt-out notices. Fax advertising shifts the cost of the marketing promotion from

the marketer—the sender of the fax—to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

2.    Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted Defendants to send them faxes.

3.    In order to redress these injuries, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited faxing and deficient opt-out notice activities, and an award of statutory damages to the Class members under the TCPA, together with costs and attorneys' fees.

## II.    <u>JURISDICTION AND VENUE</u>

4.    This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States.  Further, this Court has diversity jurisdiction under 28 U.S.C. § 1332(d) because (a) at least one member of the putative class is a citizen of a State different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

5.    This Court has personal jurisdiction over Defendants under 735 ILCS 5/2-209, because a substantial portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward this State, and because Defendants transact business within this State.

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

### III.        PARTIES

*Plaintiff*

7.       Plaintiff is a corporation organized in and existing under the laws of the State of Illinois with its principal place of business in Vernon Hills, Illinois. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Illinois.

*Defendants*

8.       Defendant Cleanis Paris is a corporation organized in and existing under the laws of France with its principal place of business in Paris, France. For purposes of 28 U.S.C. § 1332, Cleanis Paris is a citizen of France.

9.       Defendant Cleanis New York is a corporation organized in and existing under the laws of the State of New York with its principal place of business in New York, New York. For purposes of 28 U.S.C. § 1332, Cleanis New York is a citizen of the State of New York.

10.       Defendant Cleanis Tokyo is a corporation organized in and existing under the laws of Japan with its principal place of business in Tokyo, Japan. For purposes of 28 U.S.C. § 1332, Cleanis Tokyo is a citizen of Japan.

### IV.        FACTUAL BACKGROUND

*The Fax and Deficient Opt-out Notice*

11.       On or about August 13, 2013, Plaintiff received an unsolicited fax advertisement attached as Exhibit A. Discovery may reveal the transmission of additional faxes.

12.       The fax does not satisfy all of the opt-out notice requirements under § 227(b)(2)(D). For example, the fax attached as Exhibit A has the following opt-out notice:

> If you do not wish to receive future fax notifications or have received this in error, please call 646-278-5627 or fax 646-278-5657 or call our toll free number: 888-228-5768 or email us at: office@cleanis.com.

However, the notice fails to state that failure to comply with an opt-out request within the shortest reasonable time is unlawful, as required by § 227(b)(2)(D)(ii).

***Defendants Are the Same Entity***

13.     The fax lists the address "1375 Broadway Avenue, Floor 11, Suite 1100, New York, NY 10018" and the website "www.cleanis.com."

14.     According to the New York Department of State, Cleanis New York lists its principal place of business as "1375 Broadway, Floor 11, Suite 1100, New York, New York, 10018"

15.     However, the registrant, administrative contact, technical contact, and billing contact for the website www.cleanis.com is: Cleanis, Paris, France.

16.     Upon visiting www.cleanis.com, the recipient of the fax is asked whether it wants to proceed in French or in English.

17.     The "About Us" directory of the website www.cleanis.com lists the following offices: Cleanis Paris – Head Office; Cleanis New-York – Branch; Cleanis Japan – Branch.

18.     Also on the website, Laurent Helewa is listed as the "President of Cleanis."

19.     According to the New York Department of State, Laurent Helewa is the Chief Executive Officer and Principal of Cleanis New York.

20.     Accordingly, on information and belief, Laurent Helewa, on behalf of Cleanis Paris, creates corporations in countries other than France, such as the Cleanis New York and Cleanis Tokyo, to solicit business for Cleanis Paris by sending fax advertisements, such as Exhibit A.

21.     Therefore, Defendants are the same entity.

22. Defendants sent the fax and/or are responsible, as a matter of law, for the actions of the individuals who sent the fax.

23. Defendants' products and services were advertised in the fax, and Defendants derived an economic benefit from the transmission of the fax.

24. Plaintiff had no prior relationship with Defendants and did not consent to the receipt of the above-referenced (or any) fax advertisement from Defendants.

25. On information and belief, the fax attached as Exhibit A was transmitted as part of mass broadcasting, or "blasts," of faxes.

26. There is no reasonable means by which Plaintiff and Class members can avoid receiving unsolicited and unlawful faxes.

## V.     CLASS ALLEGATIONS

27. Plaintiff brings Count I, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

### Unsolicited Fax Class ("Class One")
All individuals or entities in the United States who received one or more unsolicited facsimile advertisements from or on behalf of Defendants ("Class One").

Excluded from Class One are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

28. Plaintiff brings Count II, as set forth below, on behalf of itself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Opt-out Notice Class ("Class Two")**
All individuals or entities in the United States who received one or more facsimile advertisements with opt-out notices from or on behalf of Defendants that do not comply with 47 U.S.C. § 227(b)(2)(D) ("Class Two").

Excluded from Class Two are Defendants and their subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

29.     "Class members" or "the Class" refer to both Class One and Class Two, unless otherwise stated.

30.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of its claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

31.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by Defendants' wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendants' books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

32.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

a.   whether Defendants engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

b. the manner in which Defendants compiled or obtained its list of fax numbers;

c. whether Defendants violated the TCPA;

d. whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

e. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

f. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

33.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

34.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because its interests do not conflict with the interests of the other Class members it seeks to represent; it has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and its counsel.

35.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

36.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are

relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, so it would be impracticable for Class members to individually seek redress for Defendants' wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## V.     CLAIMS ALLEGED

### COUNT I
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Class One)**

37.     Plaintiff incorporates by reference paragraphs 1-36 as if fully set forth herein.

38.     Defendants and/or their agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. §227(b)(l)(C).

39.     On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiff and Class One.

40.     As a result of Defendants' unlawful conduct, Plaintiff and Class One suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such a violation, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## COUNT II
### Insufficient Opt-out Notice in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)
### (On Behalf of Class Two)

41.     Plaintiff incorporates by reference paragraphs 1-36 as if fully set forth herein.

42.     Defendants' fax fails to satisfy all of the opt-out notice requirements under § 227(b)(2)(D). Namely, the notice in the fax does not:

   a.   appear clearly and conspicuously on the first page of the fax as required by § 227 (b)(2)(D)(i);

   b.   state that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii);

   c.   set forth the elements of a valid opt-out request, as required by § 227(b)(2)(D)(iii); and

   d.   comply with the technical requirements of § 227(d), as required by § 227(b)(2)(D)(vi).

43.     As a result of Defendants' unlawful conduct, Plaintiff and Class Two suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## VI.        JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VII.        REQUEST FOR RELIEF

WHEREFORE, Plaintiff AL And PO Corporation, individually and on behalf of the Class, requests that the Court enter an Order as follows:

   A.   Certifying the Class as defined above, appointing Plaintiff AL And PO Corporation as the representative of the Class, and appointing its counsel as Class Counsel;

B.      Awarding actual and statutory damages;

C.      Enjoining Defendants from sending unsolicited facsimile advertisements with deficient opt-out notices;

D.      Awarding of reasonable attorneys' fees and costs; and

E.      Awarding such other and further relief that the Court deems reasonable and just.

Dated: February 19, 2014            Respectfully submitted,

AL AND PO CORPORATION, individually and on behalf of all others similarly situated

By:_____

One of the Attorneys for Plaintiff
And the Proposed Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Ismael T. Salam
*isalam@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.470.6588

4839-8682-9590, v. 1