IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AL AND PO CORPORATION, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14 C 1225 |
| CLEANIS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Cleanis, Inc. ("Cleanis"), one of the two remaining defendants in this action brought under the Telephone Consumer Protection Act, has filed its Answer and Affirmative Defenses ("ADs") to the Class Action Complaint ("Complaint") brought against it by Al and Po Corporation ("Al and Po"). This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.

To begin with, Answer ¶¶ 2, 4, 7, 8, 10, 11, 14, 15, 19, 24 and 39 all inexplicably depart from the express language of Fed. R. Civ. P. ("Rule") 8(b)(5), which is designed as a predicate for getting the benefit of a deemed denial under that Rule. Even more inexplicably, each of those paragraphs goes on to add the language "and therefore denies the same." Quite apart from the fact that the first-mentioned departure from the Rule's plain roadmap places the propriety of the sought-for disclaimer in question, the addition of the gratuitous "and therefore denies" language is truly bizarre. It is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then

proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), each of those paragraphs of the Answer is stricken (with leave granted to replead).

As for the ADs, the first four advance constitutional objections that may be retained without alteration (although no substantive view is expressed here as to the viability or nonviability of those ADs). Others, however, are problematic for differing reasons:

1. AD 5 sets forth a generic statement of a laches defense, although Al and Po's claimed six-month delay would appear difficult to establish as a predicate for dismissal of this action on that score. All the same, AD 5 will not be disturbed at this time (though it will certainly need fleshing out as and when it is advanced substantively).

2. ADs 6 and 7 contain a telltale "to the extent" qualification that confirms the absence of any <u>currently</u> cognizable defense on the stated ground, as contrasted with the hypothetical possibility, as Dickens put it in <u>David Copperfield</u>, "That he may be ready -- in case of anything turning up." Both of those ADs are stricken, but without prejudice to their possible reassertion (properly fleshed out) if anything does indeed "turn up."

3. AD 8 operates on the premise that any owner of a fax machine has an affirmative obligation to take steps and incur expense to guard itself against statutory violators -- scarcely the kind of argument that ought to be asserted by a party that deliberately violates a congressional enactment and injures such owners. It too is stricken.

4. Apart from reflecting a possible need to enroll in Latin 101 (it's "de minimis," not "de minimus"), AD 9 advances a claimed defense

unfamiliar to this Court. If defense counsel have authority for such advancement, this Court would appreciate being provided with appropriate support through citations (though it should be noted that the Complaint alleges defendants' claimed statutory violations as to two large classes as well, placing any de minimis contention in doubt in any event).

In sum, defense counsel must sharpen their pencils (or the equivalent in electronic terms) by crafting a total rewrite of the AD section of Cleanis' responsive pleading as well as correcting the error identified at the outset of this memorandum order. Counsel are ordered to do so by filing a self-contained Amended Answer and ADs on or before April 28, 2014. No charge may be made to Cleanis by its counsel for the added work and expense incurred in correcting counsel's errors. Defense counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 16, 2014